**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ORLANDO VARGAS RIVERA; ET AL.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ET AL.,**<br><br>**Defendants.** | **CIVIL NO. 26-1670 (PAD)** |

**MEMROANDUM AND ORDER**

On November 16, 2026, plaintiffs Orlando Vargas Rivera (a U.S. citizen), his wife Geraldin Andreina Guzmán Reyes (a citizen of Venezuela), and their conjugal partnership, as well as Geraldin's minor son (and Orlando's stepson), Gianfranco Alejandro Rojas Guzmán (a citizen of Venezuela), initiated this action against the United States Citizenship and Immigration Services ("USCIS") under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101, et seq.; 8 C.F.R. § 204.2; the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 & 701, et seq.; and the Mandamus and Venue Act ("MVA"), 28 U.S.C. § 1361 (Docket No. 1).[1] In essence, they seek provisional remedies, declaratory judgment, and entry of a writ of mandamus against the USCIC in connection with certain Form I-130 Petitions for Alien Relatives filed by Orlando on August 25, 2026, on behalf of Geraldin and Gianfranco, which await adjudication even though according to

[1] Aside from the USCIS, plaintiffs sued: 1) Natalia Figueroa, in her official capacity as USCIS San Juan, Puerto Rico Field Office Director; 2) Garret J. Ripa, Miami Field Office Director for U.S. Immigration and Customs Enforcement ("ICE") and the Enforcement Removal Office ("ERO"); 3) Armen Figueroa, Puerto Rico Field Office Director for ICE and ERO; 4) David Venturella, Acting Director for Immigration and Customs Enforcement; 4) Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security ("DHS"); 5) Joseph B. Edlow, in his official capacity as Director of USCIS; 6) Héctor Ramírez Carbó, Acting U.S. District Attorney for the District of Puerto Rico; 7) Todd Blanche, Attorney General of the United States, in his official capacity (Docket No. 1).

plaintiffs, adjudication is crucial for an Individualized Hearing before the Immigration Court, which that Court advanced from June 16, 2027, to December 3, 2026. Id.

Before the court is plaintiffs' "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Docket No. 3). In response, defendants filed an omnibus "Opposition to Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Motion to Dismiss" (Docket No. 14). Plaintiffs replied and opposed defendants' motion to dismiss (Docket No. 19), and defendants sur-replied (Docket No. 21). For the reasons explained below, plaintiffs' motion must be granted in part and denied in part. Further, defendants' motion must be denied. Defendants shall not remove Geraldin or Gianfranco from the United Stated while their Form I-130 Petitions await adjudication before the USCIS and this case is pending.

## I. INTRODUCTION

Geraldin and Gianfranco are facing removal proceedings before the Immigration Court (Docket No. 3, ¶¶ 2, 32). Orlando and Geraldin married on May 15, 2026, in Puerto Rico; their marriage was registered with the Puerto Rico Demographic Registry on May 18, 2026 (Docket No. 3, ¶ 7). They are also very recent parents to one Noriel Alemar Vargas Guzmán (a U.S. citizen), who was born on July 4, 2026 (Docket No. 3, ¶ 8). On August 25, 2026, Orlando filed with the USCIS two Form I-130 (Petitions for Alien Relatives) on behalf of Geraldin and Gianfranco, which are pending adjudication. Id. ¶ 9.[2] On July 28, 2026, the Immigration Court set Geraldin and Gianfranco's Individual Hearing for June 16, 2027, but on September 28, 2026, it advanced the Hearing to December 10, 2026, and set December 3, 2026, as the deadline for "submitting applications for relief and supporting documentary evidence." Id. ¶¶ 12-14.[3]

---

[2] USCIS assigned Receipt Numbers IOE9453814826 and IOE9014782762. Id. ¶ 9

[3] The USCIS' reason(s) for advancing those deadlines is not apparent from the record before this court.

Plaintiffs allege that the USCIS' adjudication of those Forms is crucial, because it would establish their "qualifying family relationship," which will be highly relevant to the case before the Immigration Court in terms of "available immigration relief," and for the same reason, that the agency's timely action is of the essence, as there is a real risk that the Individual Hearing before the Immigration Court could be held without the benefit of the USCIS' adjudication in that regard and an order for Geraldin and Gianfranco's deportation be entered against them given that the Immigration Judge will not have the benefit of the USCIS' adjudication. Id. ¶¶ 31, 37. Fearing likely entry of an order of removal without the USCIS' prior adjudication, plaintiffs: 1) ask the court to enter a temporary restraining order ("TRO") and preliminary injunction compelling the USCIS to adjudicate Geraldin and Gianfranco's Forms "sufficiently before" the imminent Individual Hearing and evidentiary deadline dates,[4] arguing that the USCIS' significant advancement of the dates of the Individual Hearing and evidentiary deadlines from those originally set constitute exceptional circumstances (id. ¶¶ 16, 31, 33, 41); or 2) in the alternative, request that they "not be subjected to a final order of removal before USCIS has decided the petitions on which their eligibility for relief depends" (Docket No. 19, p. 17).[5]

---

[4] See, Docket No. 3-1, p. 3 ¶ 11 and p. 4, ¶ 3 (so requesting).

[5] This alternative request was not made clear by plaintiffs from the onset. It was included in a single paragraph in the main body of a motion titled "Urgent Motion Requesting Expedited Consideration of Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Docket No. 2), a motion which, as the title suggests, merely asked this court to expedite consideration of plaintiffs' motion at Docket No. 3. Initially, plaintiffs seemingly asked for an order enjoining the removal proceedings so that they "not be permitted to reach a final merits determination before the USCIS has completed adjudication of both Forms I-130" (Docket No. 2, ¶ 13). That request sounded of one to stay agency proceedings under 5 U.S.C. § 705, but plaintiffs' submissions did not explicitly make that request as such or call on that statute. However, in plaintiffs' reply and opposition to defendants' motion to dismiss at Docket No. 19, they refined their request to one seeking to "preserve the essential feature of that last uncontested status: that Geraldin and Gianfranco *not be subjected to a final order of removal before USCIS has decided the petitions on which their eligibility for relief depends*" (Docket No. 19, p. 17)(emphasis added). The court takes it that plaintiffs wish to proceed on *that* basis, meaning that they seek in the alternative to temporarily enjoin defendants from removing Geraldin and Gianfranco while their Forms I-130 remain pending before the USCIS. In so doing, the court also takes a page from R.O.A. v. Edlow, 805 F.Supp.3d 565 (D. Vt. 2025), where that Court observed that, like here, the petitioner was not challenging the merits of the government's ultimate decision to remove the

## II. DISCUSSION

### A. First Request – TRO and Preliminary Injunction – Does the USCIS Have an Independent Duty to Adjudicate Form I-130 Petitions Before an Individual Hearing in Immigration Court?

Although the answer to this question would settle whether the First Request made by plaintiffs is proper, they did not include any on-point legal authorities or case law in their briefs supporting the feasibility of their request. See, generally, Docket No. 3.[6] Having failed to provide adequate authorities supporting the entry of a TRO and preliminary injunction compelling the USCIS to accelerate adjudication of Geraldin and Gianfranco's Form I-130 Petitions, their request at Docket Nos. 1 and 3 in that regard must be denied.

### B. Second Request – Preliminary Injunction Temporarily Ordering Defendants Not to Remove Geraldin and Gianfranco from the United States While Their Forms I-130 Remain Pending Before the USCIS.

The Second Request must be granted. A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

---

petitioner or its authority to remove him if it decided to do so, but rather was challenging "the lawfulness of USCIS's delay" or the agency's "failure to expedite adjudication" of his pending petitions before the agency "in light of his impending removal." Id. at 574 (contrary to the facts in R.O.A., in the instant case, the Immigration Court has not entered an order of removal as to plaintiffs Geraldin and Gianfranco). The R.O.A. Court found implicit in the complaint a challenge to the government's power to remove him "while his applications for relief remain pending" before the USCIS. Id. Viewed through that lens, it further found petitioner's claims proper for consideration. Id. Given the similar nature of this case, the court follows R.O.A.'s lead.

[6] The few authorities cited in either the complaint or motion at Docket No. 3 concededly involve "materially different USCIS policies" in a "materially different context" (Docket Nos. 1, ¶ 51; 3, ¶ 28)(citing Rhode Island v. USCIS, No. 26-1703)(1st Cir. Aug. 14, 2026), or are invoked rather aimlessly to showcase boilerplate legal propositions. See, Docket No. 8, ¶ 56 (stating that "8 U.S.C. § 1252(g) concerns the three discrete categories of action identified by Congress: decisions or actions to commence proceedings, adjudicate cases, or execute removal orders")(citing Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999)). Plaintiffs also refer to Lutwak v. U.S., 344 U.S. 604 (1953) and Matter of Laureano, 19 I&N Dec. 1, 2 (BIA 1983), but fail to state their relevance. See, Docket No. 1, p. 9, n. 3; p. 22, n. 8. The only scintilla that arguably moves the needle is found at Docket No. 3, ¶ 26, where plaintiffs state that a 5 U.S.C. § 706(1) claim "may proceed where the plaintiff seeks to compel a discrete agency action that the agency is legally required to take." Id. (citing Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004)). Even though plaintiffs are seeking to compel the USCIS to expedite allegedly "unreasonably delayed" adjudication on that basis, § 706(1) and Norton do not provide much guidance in answering the question posed above concerning the use of a TRO or preliminary injunction in the manner requested.

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The first two factors –likelihood of success on the merits and irreparable harm– "are the most important in the preliminary injunction calculus." Rooterman, LLC v. Belegu, 778 F.Supp.3d 298, 305 (D. Mass. 2025)(citing Together Emps. v. Mass Gen. Brigham Inc., 32 F.4th 82, 85 (1st Cir. 2022)(cleaned up)).

**1. Likelihood of Success on the Merits.**

Plaintiffs argue that the USCIS has not adjudicated Geraldin and Gianfranco's Form I-130 Petitions within a reasonable period in violation of 5 U.S.C. § 555(b) (Docket No. 1). Defendants argue that plaintiffs' claims fail on the merits, and therefore must be dismissed for failure to state a claim, because USCIS' field offices, such as Puerto Rico's, have a "median processing time for Form I-130 petitions on behalf of immediate relatives of 83.5 months," that USCIS adjudicates such petitions in the "order they are received," and given that Geraldin and Gianfranco's Form I-130 Petitions were filed with the USCIS on August 25, 2026 (Docket No. 3, ¶ 9), their petitions are "well within normal processing times" (Docket No. 14). Here, similar to the facts in R.O.A., plaintiffs do not challenge "the typical processing times as per se unreasonable," but argue that they are unreasonable as to them due to the immediacy of their Individual Hearing in Immigration Court – especially considering that that Hearing was originally set for June 16, 2027, and then advanced to December 10, 2026, with an evidentiary submissions deadline of December 3, 2026. See, R.O.A., 805 F.Supp.3d at 577; Docket No. 19.

The court has the power to "compel agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706. See, R.O.A., 805 F.Supp.3d at 577 (so noting).[7] In determining undue agency delay, courts look to the six factors set out in Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC").[8] As mentioned above, the USCIS's rule of reason is a "first-in-first-out" procedure (Docket No. 14, pp. 20-21). That being so, the USCIS posits that pushing Geraldin and Gianfranco's petitions to the front of the line would improperly intrude upon the USCIS' adjudicatory priorities and resources; would have the undesired effect of slowing down adjudication of other applications filed before theirs; and would "reward those with resources to sue, pushing them to the front of the line," while those without similar resources would be pushed further back. Id. pp. 21-23. Albeit the USCIS' argument concerning the first TRAC factor is not without some merit, it overlooks the fact that the USCIS itself has "an established policy for expediting" petitions, a fact relevant to the second TRAC factor, which seemingly undermines defendants' contention as to the first factor. See, R.O.A., 805 F.Supp.3d at 577; USCIS Policy Manual, Vol. 1, Part A, ch. 5, https://www.uscis.gov/policy-manual/volume-1-part-a-chapter-5 (stating that "Immigration benefit requestors or their authorized representative may request that USCIS expedite the adjudication of their application, petition, request, appeal, or motion that is under USCIS jurisdiction")(last visited Nov. 20, 2026).

---

[7] Defendants argue that the court lacks subject matter jurisdiction over this matter because "no statutory or regulatory deadline governs the processing pace of I-130 petitions" (Docket No. 14, p. 18). That argument must be rejected. See, 5 U.S.C. § 706(1); R.O.A., 805 F.Supp.3d at 577.

[8] Those factors are: 1) "Whether the time the agency takes to make a decision is governed by a 'rule of reason;'" 2) "Any statutory timetable or indication of the speed Congress expects;" 3) "That delays are less tolerable when human health or welfare is at stake;" 4) "The effect of expediting delayed action on agency activities of a competing or higher priority;" 5) "The nature and extent of the interests prejudiced by delay;" and 6) "That no impropriety is required to find the delay unreasonable." R.O.A., 805 F.Supp.3d at 577 (citing TRAC, 750 F.2d at 80).

The court is cognizant that plaintiffs have not explicitly stated whether they sought to have Geraldin and Gianfranco's petitions expedited on this basis, but defendants also did not bring to the court's attention the narrower timelines that the Policy Manual seems to provide to pending petitions of individuals in removal proceedings. See, USCIS Policy Manual, Vol. 1, Part E, ch. 3, Sec. A. https://www.uscis.gov/policy-manual/volume-1-part-e-chapter-3#S-A ("In some cases, U.S. Immigration and Customs Enforcement (ICE) may notify USCIS of an application or petition pending with USCIS *for a person in removal proceedings that must be timely adjudicated*. . . . If the person is not detained, USCIS attempts to issue a decision within 45 calendar days of receiving the file(s). If the next hearing in the removal case is scheduled within the 30- or 45-day time frame, USCIS typically works with ICE, to the extent possible, to complete action on the petition or application before the hearing date")(last visited Nov. 20, 2026)(emphasis added). So, regardless of what transpired at the administrative level, the Policy Manual itself appears to show that expedited processing of petitions in the USCIS is available and may be warranted in this instance. See, R.O.A, 805 F.Supp.3d at 578 (so recognizing in similar context).

As to the remaining TRAC factors, it goes without saying that human welfare is at stake. Plaintiffs maintain that the USCIS is solely responsible for "determining whether the facts stated in a properly filed family-based immigrant petition are true and whether the beneficiary qualifies for the requested immigrant classification" and that the "Immigration Court cannot grant family-based adjustment on the basis of the pending spousal petition *unless and until the qualifying relationship has been established through USCIS adjudication of the I-130*" (Docket No. 1, ¶¶ 35, 72).[9] Drawing on this, plaintiffs state that USCIS's failure to timely adjudicate their pending Form I-130 Petitions,

[9] Defendants do not seem to dispute that this is so (Docket Nos. 14 and 21).

considering the imminent Individual Hearing and evidentiary deadlines, has left them in "uncertainty and has caused unnecessary hardship to their family" (Docket No. 1, ¶ 108). Defendants counter that even if the USCIS adjudicated Geraldin and Gianfranco's Form I-130 Petitions favorably, they would still be unlawful aliens present in the United States and subject to removal in Immigration Court (Docket No. 14, pp. 14-15).

But that is red herring. What plaintiffs seek is adjudication of their Petitions before their Individual Hearing, because, in a nutshell, without the USCIS' determination, the Immigration Court would not be able to grant an adjustment based on a determination of family ties to this jurisdiction. And what plaintiffs seek is to have the Immigration Court receive the benefit of that evidence when they walk into the Individual Hearing. That plaintiffs are optimistic about the result that they expect from the USCIS' adjudication is neither here nor there because what they seek at the end of the day is agency action, not outcome. Besides, the weight of the USCIS' decision concerning Geraldin and Gianfranco's Form I-130 Petitions will ultimately be for the Immigration Court to decide. Thus, defendants' argument is unavailing.

At any rate, in the court's view, without a decision from the USCIS, Geraldin and Gianfranco are sensibly more likely to receive an order of removal from the Immigration Court. Hence, their Form I-130 Petitions are "arguably of higher priority than most other applications, so expediting review in [their] case would not have a negative impact on other high priority cases" before the USCIS. R.O.A., 805 F.Supp.3d at 578. All in all, plaintiffs are likely to succeed on the merits.

**2. Irreparable Harm.**

As mentioned earlier, Geraldin gave birth to Noriel Eleomar, a U.S. citizen, on July 4, 2026. As of the date of this Memorandum and Order, he is around four and a half months old. Geraldin faces being separated from her newborn son at a critical stage, and is also at risk of being separated

from her husband and father to her newborn child. Further, Gianfranco faces losing the opportunity to pursue adjustment of legal permanent status while being physically present in the United States, and is at risk of being separated from his mother. These all amount to irreparable harm. See, R.O.A, 805 F.Supp.3d at 576 ("Losing the opportunity to obtain lawful status in the United States and being separated from his three U.S. citizen children certainly constitutes irreparable harm")(citing D'Ambrosio v. Scott, 2025 WL 1504312, *3 (D. Vt. May 9, 2025)("The likely permanent loss of the opportunity to obtain legal permanent resident status in the United States certainly also constitutes irreparable harm")).

**3. Balance of the Equities and the Public Interest.**

"To establish that the balance of hardships tips in their favor, the plaintiffs must demonstrate that the harm they would suffer absent the relief sought is substantially greater than the harm the defendants would suffer if the injunction were granted." New York v. U.S. Dep't of Educ., 477 F.Supp.3d 279, 305 (S.D.N.Y. 2020). And where, as here, the government is a party in a lawsuit, "the government's interest *is* the public interest," and so "the balance of hardships and public interest merge as one factor." Saget v. Trump, 375 F.Supp.3d 280, 339-340 (E.D.N.Y. 2019)(citations omitted)(cleaned up)(emphasis in original).

In this case, and similar to the remedy fashioned in R.O.A., an order barring defendants from removing Geraldin and Gianfranco while their Form I-130 Petitions await adjudication before the USCIS and this case is pending "would appropriately balance the equities and serve the public interest." R.O.A., 805 F.Supp.3d at 578. The court recognizes the defendants' interest in executing removal orders. Thus, if the USCIS determines that Geraldin and Gianfranco are not eligible for the relief they seek, the court's order will only temporarily prevent their removal during the adjudication of their Petitions. Conversely, if they are eligible, the Immigration Court would

simply give the consideration due to the USCIS' adjudication in that regard. Therefore, plaintiffs' motion at Docket No. 3 must granted in part, and defendants' motion for failure to state a claim, denied. Defendants may not remove Geraldin or Gianfranco from the United States while their Form I-130 Petitions await adjudication before the USCIS and this case is pending.

**C. Motion to Dismiss Remaining Claims**

Defendants also moved to dismiss plaintiffs' declaratory judgment and mandamus claims (Docket No. 14, pp. 18, n. 5; 25-26). As to the former claim, plaintiffs seek a judicial declaration that defendants "failure to adjudicate the pending Form I-130 is unreasonable, unlawful, and contrary to the duties imposed upon [them] by federal law" (Docket No. 1, ¶130). A claim for declaratory relief is inappropriate is it "seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action." Sofi Classic S.A. de C.V. v. Hurowitz, 444 F.Supp.2d 231, 249 (S.D.N.Y. 2006). Still, because defendants' "failure to adjudicate" claim is not being resolved on the merits in this Memorandum and Order, it is too early to determine the adequacy of those claims or the appropriateness of declaratory relief. For that reason, defendants' motion to dismiss plaintiffs' claims for declaratory relief must be denied. See, A.J. Props., LLC v. Stanley Black & Decker, Inc., 972 F.Supp.2d 68, 82 (D. Mass. 2013)(reaching similar result). As to defendants' request to dismiss plaintiffs' mandamus claim, it must also be denied. Plaintiffs may be ultimately entitled to mandamus relief. See, Morgovsky v. Dep't of Homeland Sec., 517 F.Supp.2d 581, 584 (D. Mass. 2007)(noting that the MVA grants federal district courts jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). But it is too early in the proceedings to reach that conclusion.

## III. CONCLUSION

For the reasons stated, plaintiffs' request for a Temporary Restraining Order and Preliminary Injunction compelling the USCIS to act on their pending Form I-130 Petitions is DENIED. Plaintiffs' alternative request for a Preliminary Injunction ordering defendants not to remove Geraldin or Gianfranco from the United States while their Form I-130 Petitions await adjudication before the USCIS and this case is pending is GRANTED. Finally, defendants' motion to dismiss (Docket No. 14) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of November, 2026.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge